**MEGAN L. DISHONG**
**Assistant U.S. Attorney**
**U.S. Attorney's Office**
**P.O. Box 8329**
**Missoula, MT 59807**
**105 E. Pine, 2nd Floor**
**Missoula, MT 59802**
**Phone: (406) 829-3323**
**Fax: (406) 542-1476**
**E-mail: megan.dishong@usdoj.gov**

**ATTORNEY FOR PLAINTIFF**
**UNITED STATES OF AMERICA**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>    Plaintiff,<br><br>vs.<br><br>**NORTHWESTERN ENERGY,**<br><br>    Defendant. | CV 16- ___ - H- ___<br><br><br><u>**COMPLAINT**</u> |

# INTRODUCTION

1.  This is a civil action in which the United States is Plaintiff. This Court has jurisdiction of this action under 28 U.S.C. § 1345 and 28 U.S.C. § 3301, *et seq*.

2.  The United States seeks to recover its damages incurred as a result of a wildfire known as the "Lakeside Fire" fire. These damages include fire suppression costs, resource damages and rehabilitation costs, statutory penalties, interest and administrative costs. The Lakeside Fire ignited on July 16, 2010, when a power line owned and maintained by NorthWestern Energy, malfunctioned, severed and struck the ground.

3.  The United States brings this action under federal common law for negligence, nuisance, and trespass within the time prescribed by 28 U.S.C. § 2415(b) and under the authority of 28 U.S.C. §§ 3001-08 and Montana Code Annotated § 50-63-104, which provides a remedy for both negligently and unintentionally caused fires.

4.  Venue is proper in the District of Montana, pursuant to 28 U.S.C. § 1391(a), because the acts complained of occurred in the State and District of Montana.

## PARTIES

5.  Plaintiff United States of America owns various parcels of public lands which are administered by the United States Department of Agriculture, Forest Service ("FS") and the Department of the Interior, Bureau of Land Management ("BLM"). The FS and BLM also have certain areas of fire protection responsibility in the State of Montana pursuant to a Statewide Cooperative Fire Protection Agreement.

6. Defendant NorthWestern Energy was at all times relevant a Delaware corporation doing business in the state of Montana.

## FACTS

7. NorthWestern Energy owns and maintains a power line known as the Ward Ranch Line. A map depicting the location of the Ward Ranch Line is attached as Exhibit A.

8. NorthWestern Energy (or its predecessor) has conducted maintenance on the Ward Ranch Line since at least 1994, including, among other tasks, replacing certain insulators and poles.

9. However, many poles and insulators have not been replaced or maintained. As a result, at the time the Lakeside Fire started, the Ward Ranch Line included many insulators that were cracked, damaged, otherwise deteriorated or structurally compromised. Many of the poles were rotted, cracked, otherwise deteriorated or structurally compromised.

10. At all times relevant, NorthWestern Energy was the holder of a right-of-way grant (serial number MTM80650) issued by the BLM permitting the Ward Ranch Line to cross BLM property. A copy of the Right-of-Way Grant is attached as Exhibit B.

11. This grant required NorthWestern Energy to comply with all BLM

regulations. The BLM regulations impose liability, including strict liability in some instances, for damages occurring in connection with NorthWestern Energy's use and occupancy of the right-of-way.

12. On July 16, 2010, at approximately 5:45 p.m. a fire was reported burning north of the Lakeside Recreation area near Canyon Ferry Reservoir approximately eight miles northeast of Helena, Montana.

13. Over the following three days, the Lakeside Fire increased to approximately 855 acres, and it impacted BLM, Bureau of Reclamation, and private lands.

14. The Forest Service and other agencies took immediate action to suppress the fire, which became known as the "Lakeside Fire" to protect state, private and federal land and improvements.

15. The fire was contained on or about July 19, 2010 after having burned a total of 896 acres of private, BLM, Bureau of Reclamation, and Forest Service lands as well as improvements thereon.

16. On July 17, 2010, the FS began conducting an investigation of the origin and cause of the fire.

17. The FS determined that the point of origin of the fire was approximately 20 yards west of Browns Gulch Road and approximately 30 yards north of the southern perimeter of the fire (46.39.40 N, 111.46.30 W).

18.     The FS determined that the Ward Ranch line had severed and struck the ground, which started the Lakeside Fire.

19.     The Lakeside Fire caused the United States to incur fire suppression, resource damage and rehabilitation costs totaling $485,855.86.

## COUNT I: NEGLIGENCE

20.     The United States incorporates all previous allegations as if set forth herein.

21.     Defendant had a duty to use reasonable care to take precautions against the start and spread of wildfires.

22.     Defendant also had a duty to use reasonable care to maintain its power lines and all related equipment, including the Ward Ranch Line.

23.     Defendant also had a duty pursuant to Montana Code Annotated § 50-63-104 not to engage in negligent or unintentional acts or omissions that cause forest fires.

24.     Defendant breached its duties by failing to take the necessary precautions to prevent fire and by failing to adequately maintain the Ward Ranch Line and facilities to prevent a malfunction and starting a fire.

25.     Defendant's negligence was a proximate cause of the start and/or spread of the Lakeside Fire.

26.     Alternatively, Defendant was negligent under the doctrine of *res ipsa loquitor*, in that the Ward Ranch Line would not have malfunctioned, snapped and

5

caused the Lakeside Fire if Defendant had exercised reasonable care in the maintenance and operation of the line.

27.   As a result of Defendant's negligence the United States has suffered damages as set forth herein and as permitted under Montana Code Annotated § 50-63-104.

## COUNT II: NUISANCE

28.   The United States incorporates all previous allegations as if set forth herein.

29.   The Lakeside Fire caused a public nuisance because it threatened and damaged federal lands and resources; it interfered with the use and enjoyment of public lands constituting a nuisance under common law.

30.   As a result of Defendant's nuisance, the United States has suffered damages as set forth herein.

## COUNT III: TRESPASS BY FIRE

31.   The United States incorporates all previous allegations as if set forth herein.

32.   Defendant's actions also caused an imminent threat as well as damage to federal lands and resources and interfered with the United States' right to exclusive possession of federal lands resulting in a common law trespass.

33.   As a result of Defendant's trespass, the United States has suffered damages as set forth herein.

## COUNT IV: LIABILITY PURSUANT TO BLM PERMIT

34. The United States incorporates all previous allegations as if set forth herein.

35. NorthWestern Energy's right-of-way grant from the BLM required it to comply with all applicable regulations contained in Title 43 Code of Regulations, part 2800. Ex. B. at 2.

36. The applicable BLM regulations impose liability on the grantee "to the United States and to third parties for any damage or injury they incur in connection with [NorthWestern Energy's] use and occupancy of the right-of-way." 43 C.F.R. § 2807.12(a).

37. The Lakeside Fire and the damages incurred by the United States as a result of the fire occurred in connection with use and occupancy permitted by the government's right-of-way grant to the Defendant for the Ward Ranch Line.

## DAMAGES

38. As a result of the Lakeside Fire, the United States incurred resource damages and fire suppression costs of no less than $485,855.86.

39. The United States has demanded payment from the Defendant more than 30 days before the filing this Complaint. Demand for payment has not been met.

40. Pursuant to 31 U.S.C. § 3717, the United States requests $75.00 in administrative costs and interest and penalties at the statutory rate.

WHEREFORE The United States, requests that judgment be entered in its favor and against Defendant as follows:

a. Damages in the amount of $485,855.86;

b. Continuing interest and penalties pursuant to 31 U.S.C. § 3717, 31 C.F.R § 901.9, and 7 C.F.R. § 3.17 and $75.00 in administrative costs;

c. Post-judgment interest at the statutory rate; and

d. Pursuant to 28 U.S.C. § 2412(b), the United States requests an award of costs and attorneys' fees; and further relief as this Court deems proper.

DATED this 8th day of June, 2016.

                                            MICHAEL W. COTTER
                                            United States Attorney

                                            /s/ MEGAN L. DISHONG
                                            Assistant U. S. Attorney
                                            Attorney for Plaintiff