Leo S. Ward
Chad E. Adams
Browning, Kaleczyc, Berry & Hoven, P.C.
800 N. Last Chance Gulch, Suite 101
P.O. Box 1697
Helena, MT 59624
Telephone: (406) 443-6820
Facsimile: (406) 443-6883
leow@bkbh.com
chad@bkbh.com

*Attorneys for NorthWestern Corporation, d/b/a NorthWestern Energy*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. CV 16-46-H-SEH |
| Plaintiff, | |
| v. | **DEFENDANT'S ANSWER TO COMPLAINT AND DEMAND FOR JURY TRIAL** |
| NORTHWESTERN ENERGY, | |
| Defendant. | |

DEFENDANT Northwestern Energy ("NorthWestern") respectfully submits this Answer to Plaintiff's Complaint (Doc. 1). In response to the allegations of the Complaint, NorthWestern admits, denies and alleges as follows:

1

# INTRODUCTION

1.     NorthWestern admits the allegations in the first sentence of Paragraph 1. NorthWestern does not contest jurisdiction under 28 U.S.C. § 1345 as the Plaintiff is the United States; however, 28 U.S.C. § 3301, *et seq*. are inapplicable as those sections involve allegations of fraudulent transfers involving debts which are not at issue in this action.

2.     NorthWestern admits the allegations in the first sentence of Paragraph 2 indicating the United States filed this action to recover alleged damages as a result of the Lakeside Fire. NorthWestern is without knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of Paragraph 2, and therefore denies the same. NorthWestern admits the allegation in the third sentence of Paragraph 2 that the Lakeside Fire is believed to have ignited on July 16, 2010, but denies the remaining allegations in the third sentence of Paragraph 2.

3.     The allegations in Paragraph 3 are legal conclusions to which no response is required herein. To the extent, if any, a response may be required, NorthWestern denies the allegations.

4.     NorthWestern does not contest venue in this Court. However, NorthWestern alleges that 28 U.S.C. § 1391(a) cited by the United States does not

control appropriate venue; rather, 28 U.S.C. § 1391(b) makes this Court an appropriate venue.

## PARTIES

5.　　NorthWestern is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5.

6.　　NorthWestern admits it is incorporated in the State of Delaware and does business in the State of Montana, though Montana is not its principal place of business.

## FACTS

7.　　NorthWestern admits that it owns and maintains the power line referred to by Plaintiff as the Ward Ranch Line, also referred to as the Ward Ranch Tap or Ward Ranch Distribution Tap Line.　In response to the allegations in the second sentence of Paragraph 7, NorthWestern alleges that the map attached to the Complaint as Exhibit A lacks sufficient detail for NorthWestern to admit or deny that the map accurately reflects the specific location of the Ward Ranch Distribution Tap Line, although it does reflect the general area within which that line is located.

8.　　NorthWestern admits that it, or previously Montana Power Company, has conducted maintenance on the Ward Ranch Distribution Tap Line since at least 1994, which included among other things, replacement of insulators and poles.

9.      NorthWestern denies the allegations in Paragraph 9.

10.     NorthWestern admits the allegations in Paragraph 10.

11.     NorthWestern denies the allegations in the first sentence of Paragraph 11, and alleges that the Right-of-Way Grant document speaks for itself. Specifically, the Grant requires compliance with 43 C.F.R. Part 2800, not all BLM regulations, many of which are irrelevant. NorthWestern denies that the applicable BLM regulations impose liability on NorthWestern, strictly or otherwise, for the damages alleged in this action.

12.     NorthWestern, upon information and belief, admits the allegations in Paragraph 12.

13.     NorthWestern, upon information and belief, admits the allegations in Paragraph 13.

14.     NorthWestern is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 14, and therefore denies the same.

15.     NorthWestern is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 15, and therefore denies the same.

16.     NorthWestern admits that the Forest Service conducted an investigation regarding the Lakeside Fire, but NorthWestern does not have sufficient information to admit or deny when that investigation began.

17.     NorthWestern alleges that the Forest Service investigator's report speaks for itself, and further alleges that NorthWestern does not endorse the findings in said report.

18.     NorthWestern denies the allegations in Paragraph 18.  NorthWestern alleges that the Forest Service investigator's report concludes a "downed/severed power line" ignited fuels on the ground causing the fire.

19.     NorthWestern is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 19, and therefore denies the same.

## COUNT I:  NEGLIGENCE

20.     NorthWestern incorporates by reference its responses to all preceding paragraphs as if fully set forth herein.

21.     NorthWestern denies the allegations in Paragraph 21 and alleges it had only the duties imposed by applicable law.

22.     NorthWestern admits only that it has the duties to maintain its power lines as set forth in applicable law.

23.     NorthWestern denies the allegations in Paragraph 23.  NorthWestern denies Mont. Code Ann. § 50-63-104, which was enacted in 2013, creates any duty applicable to NorthWestern for a fire occurring in 2010, or that § 50-63-104 creates a cause of action.

24.     NorthWestern denies the allegations in Paragraph 24.  NorthWestern specifically denies it failed to take necessary precautions to prevent fire and denies it failed to adequately maintain the power line and facilities at issue.

25.     NorthWestern denies the allegations in Paragraph 25.

26.     NorthWestern denies the allegations in Paragraph 26.

27.     NorthWestern denies the allegations in Paragraph 27.

## COUNT II:  NUISANCE

28.     NorthWestern incorporates by reference its responses to all preceding paragraphs as if fully set forth herein.

29.     To the extent the allegations in Paragraph 29 are intended to be directed at NorthWestern, those allegations are denied.

30.     NorthWestern denies the allegations in Paragraph 30.

## COUNT III:  TRESPASS BY FIRE

31.     NorthWestern incorporates by reference its responses to all preceding paragraphs as if fully set forth herein.

32.     NorthWestern denies the allegations in Paragraph 32.

33.     NorthWestern denies the allegations in Paragraph 33.

## COUNT IV:  LIABILITY PURSUANT TO BLM PERMIT

34.     NorthWestern incorporates by reference its responses to all preceding paragraphs as if fully set forth herein.

35.     NorthWestern denies the allegations in Paragraph 35 as stated, and alleges that the Right of Way Grant speaks for itself.

36.     NorthWestern admits that current 43 C.F.R. § 2807.12(a) is cited in part in Paragraph 36, however denies that NorthWestern is liable thereunder.

37.     NorthWestern denies the allegations in Paragraph 37.

## DAMAGES

38.     NorthWestern is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 38.

39.     NorthWestern admits that the United States has demanded payment from NorthWestern more than 30 days before filing the Complaint; however, NorthWestern denies it is liable therefore.

40.     NorthWestern denies it is liable for costs, interest and penalties as alleged in Paragraph 40.

41.     NorthWestern denies all allegations contained in the Plaintiff's complaint, not expressly admitted above.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails, in whole or in part, to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Injuries or losses sustained by Plaintiff, if any, were caused wholly, or in part, by the intervening, superseding acts or omissions of others over whom NorthWestern has no control and for whose conduct NorthWestern is not responsible.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff failed to mitigate its alleged damages.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's damages, if any, were caused or contributed to by persons or entities other than NorthWestern, and must be apportioned accordingly pursuant to Mont. Code Ann. § 27-1-703, including amongst responsible persons or entities with which Plaintiff has settled or released from liability.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff's damages, if any, were caused by an Act of God or other circumstances outside the control of NorthWestern.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff's damages, if any, were caused and/or contributed to by the contributory or comparative negligence and/or fault of the Plaintiff.

## APPLICABILITY OF AFFIRMATIVE DEFENSES

NorthWestern has raised affirmative defenses in this answer so they will not be waived. Pretrial investigation may disclose that some of the defenses raised may not apply. At the final pretrial conference, NorthWestern will dismiss any affirmative defenses which do not appear to be reasonably supported by the facts or the law.

## ADDITIONAL AFFIRMATIVE DEFENSES

NorthWestern affirmatively alleges that at the time this Answer is given, discovery is not completed in this case and, therefore, NorthWestern expressly reserves the right to amend its answer and to add additional applicable affirmative defenses once discovery is completed.

## PRAYER FOR RELIEF

WHEREFORE, NorthWestern Corporation respectfully requests this Court:

1.	Enter judgment in favor of NorthWestern and against Plaintiff;

2.	Dismiss Plaintiff's Complaint and any amendments thereto in their entirety with prejudice;

3.     Order that Plaintiff take nothing by its Complaint against

NorthWestern;

4.     Award NorthWestern its costs and attorney's fees as allowed by law;

and

5.     Order such other and further relief as the Court deems just and proper

## **DEMAND FOR JURY TRIAL**

Defendant hereby demands a trial by jury.

DATED this 8th day of August, 2016.

BROWNING, KALECZYC, BERRY & HOVEN, P.C.


By: _/s/  Chad E. Adams_____
        Chad E. Adams

*Attorneys for NorthWestern Corporation, d/b/a
NorthWestern Energy*

## CERTIFICATE OF SERVICE

I hereby certify that on the 8th day of August, 2016, a true copy of the foregoing was served:

Via ECF to the following parties:

Megan L. Dishong
U.S. Attorney's Office
P.O. Box 8329
Missoula, MT 59807


 /s/   Chad E. Adams
BROWNING, KALECZYC, BERRY & HOVEN, P.C.